Edward F. McKie, Jr., Irons, Birch, Swindler & McKie, Washington, D. C., for plaintiff.

Joseph Schimmel, Sol., Jack E. Armore, Washington, D. C., of counsel, for defendant.

JACKSON, District Judge.

**William R. BARRY By F. A. Petrik, Intervenor, (Receiver of the Assets of the W. R. Barry Pump Company), Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 1231–64.**

United States District Court
District of Columbia.

June 24, 1966.

### FINDINGS OF FACT

1. This is a civil action brought under Section 145 of Title 35, United States Code, in which the plaintiff, by F. A. Petrik as intervenor (receiver of the assets of the W. R. Barry Pump Company), seeks to have the Court authorize the defendant to issue a patent on plaintiff's application Serial No. 81,521, filed January 9, 1961, entitled "Quadruplex V-Type Pumps".

2. The claims in issue are numbered 1 to 13 inclusive in the aforementioned application.

3. The specification of the application in suit relates to a quadruplex V-type suction or reciprocating pump comprising a gear box or power frame structure 12 containing in a V-arrangement opposed valve cases 22, each valve case having in longitudinal alignment a pair of upper discharge valves 30 as well as a pair of lower suction (inlet) valves 32, a pair of plunger cylinders (pistons) 20, a valve chamber 28 connecting each discharge valve with its associated suction valve, cylinder chamber 24 (receiving plunger 20), and intake manifold passageway 14, connecting the fluid supply source with

the cylinder chamber through the valve chamber, a passageway 47 connecting both aligned suction valves with the intake manifold passageway, and a sectional crank shaft 94 with attached connecting rods 128, each connected to a plunger cylinder. Upon operation of the pump, the plungers are alternately or sequentially reciprocated within the respective cylinder chambers, thus drawing fluid into the intake manifold passageway. When one suction valve is open, the adjacent aligned suction valve is closed, but only the relatively small quantity of fluid within the passageway 47 will be trapped under the closed suction valve. Thus (1) substantially no energy is required for initiating movement of the small quantity of stationary fluid, (2) substantially continuous flow of the fluid through the pump is achieved, (3) there is enhancement of the continuous flow since the presence of passageway 47 precludes the necessity for dividing the flow into a plurality of separate manifold passageways, and (4) rapid pumping of viscous fluids is made possible.

4. Claim 1, considered illustrative by the Board of Appeals, reads as follows:

1. In a suction pump a unitary power frame, a plurality of reciprocal plungers carried by the frame, valve cases supported by the frame for receiving the plungers means disposed within the frame for sequentially reciprocating the plungers, a plurality of discharge valves disposed within the valve cases, suction valves disposed within each of the valve cases in association with each discharge valve, a manifold passageway associated with the power frame and in communication with the suction valves whereby liquid being drawn into the pump moves substantially continuously through a single flow passageway to the suction valves during operation of the pump, said suction valves and discharge valves responsive to the sequential reciprocation of the plungers for opening and closing in progression

to discharge the liquid from the pump substantially continuously.

Claims 2, 4, 6, 8 and 9 are broader than claim 1, especially in that they do not specify valve cases with a plurality of discharge and suction valves disposed therein. Claims 3, 4, 5, 10 and 11 are likewise broader than claim 1, especially in that the manifold passageway need not communicate with the suction valves. All the claims stand or fall together.

5. The prior art relied upon by defendant in support of the holding of unpatentability for obviousness is as follows:

(2) The French patent No. 595,221, granted July 11, 1925, disclosing a quadruplex V-type suction pump, intended to provide rapid start and smooth operation in fire-extinguishing, comprising a unitary housing containing in V-arrangement two pairs of longitudinally aligned plungers or pistons 8 in cylinders 4, a cage associated with each cylinder and provided with a lower discharge (outlet or exhaust) valve 1 and an upper suction (inlet) valve 2, the suction valves communicating with a suction (inlet) chamber or passageway 7, the discharge valves communicating with a discharge chamber or passageway 6, the pistons being connected through connecting rods 9 to a multicrankshaft, the connecting rods being arranged to provide sequential movement of the rods and sequential reciprocation of the pistons in the cylinders. In operation, this pump provides a substantially continuous flow of fluid through and from the pump.

(b) The Longenecker patent No. 1,-751,413, issued March 18, 1930, disclosing a multiple cylinder reciprocating water pump comprising a crank shaft 14 with at least three crank throws 15 connected by connecting rods 16 to pistons 18 fixed to plungers 19, each plunger reciprocating sequentially in a working (plunger) chamber 27, each working chamber being associated with a pair of opposed valves (intake valve 54 and discharge valve 38), the three aligned intake valves being covered by a common intake manifold 50 having a passageway

55 communicating with an intake passageway 34, and the three aligned discharge valves being covered by a common discharge manifold 40 having a passageway 44 communicating with an outlet pipe 37. The intake and discharge manifolds may be of a single casting. In operation, this pump provides a substantially continuous flow of fluid through and from the pump.

(c) The Yingling patent No. 1,775,612, granted September 9, 1930, disclosing a hydraulic pump for pushing carriers or vehicles in continuous operation comprising an eccentric shaft 20 connected by connecting rods 23 to pump plungers 28 in hollow pump heads 31 having chambers 36, each pump chamber 36 having a port 37 communicating with a valve chamber 38 which has an inlet ball valve 39 and an outlet ball valve 40, the inlet valve admitting oil from the suction manifold 1, and the outlet valve permitting oil under pressure to be forced to a discharge manifold 5. The "three pumping units are arranged and timed to successively draw motive fluid from the intake manifold of the compressor or pump chambers 36 and successively force these charges of motive fluid to the discharge manifold and pipe 6 in a substantially continuous and uniform stream".

6. Except for the provision that the valve cases receive the reciprocal plungers, all of the pump elements, structural relationships and functional statements recited in the claims in suit either are expressed or are implicit in the written disclosure and drawing of the French patent of 1925.

7. Claims 2, 4, 6, 7, 8 and 9 do not call for such valve cases.

8. The provision of valve cases which receive the plungers, as recited in the claims in suit, would be an obvious expedient to one of ordinary skill in the pump art, especially in view of the teachings of the Yingling and Longenecker patents of 1930.

9. The manner of operation of the reciprocating quadruplex V-type suction pump disclosed and shown in the French patent would be obvious to one of ordinary skill in the pump art.

10. The pump of the French patent would be fully operative regardless of whether valve 1 is a discharge valve and valve 2 is a suction valve or whether valve 1 is a suction valve and valve 2 is a discharge valve. However, since valve 2 is an inlet or intake valve, valve 1 must necessarily be an outlet or exhaust valve.

11. The subject matter of claims 1 to 13 inclusive would have been obvious as a whole to one of ordinary skill in the art from the teachings of the cited prior art at the time plaintiff Barry made his invention.

## CONCLUSIONS OF LAW

1. A foreign patent is available as a "prior art" reference for whatever is clearly taught therein, either expressly or implicitly, and for whatever is clearly suggested therein to those of ordinary skill in the art. 35 U.S.C. § 103. Greiser v. Brenner, 253 F.Supp. 906 (D.C.D.C. 1966).

2. Subject matter disclosed in a pending application but not claimed cannot be read into the claims when such missing limitations are necessary to distinguish them from the prior art in a civil action under 35 U.S.C. § 145. Hedman et al. v. Commissioner of Patents, 253 F.Supp. 515 (D.C.D.C.1966).

3. Claims 1 to 13 inclusive are unpatentable over the teachings of the cited prior art. 35 U.S.C. § 103.

4. Plaintiff is not entitled to a patent containing claims 1 to 13 of application Serial No. 81,521.

5. The Complaint should be dismissed.